UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHARLES R. OLSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:07-CV-419-TS |
| | ) | |
| BERNARD FREEMAN and | ) | |
| ROY DOMINGUEZ | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, a federal pretrial detainee currently confined at the Metropolitan Correctional Center, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Lake County Sheriff Roy Dominguez and Warden Bernard Freeman violated his federally protected rights while he was confined at the Lake County Jail. Pursuant to 28 U.S.C. § 1915A(a), the Court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964–65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out *in detail* the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

The Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege the violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

The Plaintiff seeks damages for conditions of confinement he endured at the Lake County Jail while he was confined there as a pretrial detainee. He alleges that staph infection was a serious problem at the Lake County Jail, that the Defendants created or tolerated conditions of confinement that encouraged the spread of the disease, and that he contracted staph infection while he was at the jail. It is a reasonable inference that the Plaintiff asserts that the Defendants' deliberate indifference to conditions at the jail caused him to contract staph infection.

The Plaintiff was a pretrial detainee when he was confined at the Lake County Jail. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The rights of pretrial detainees are derived from the

2

Fourteenth Amendment's Due Process Clause. *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that penal officials merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

> To state a claim premised on prison officials' failure to protect him from harm, . . . [the plaintiff] must allege that the defendants knew of and disregarded an excessive risk to his health and safety. The question of the defendants' culpability is subjective, but the risk is evaluated on an objective basis—the allegedly dangerous prison

3

condition must deprive an inmate of the minimal civilized measure of life's necessities.

*Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). An objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency. *See Farmer*, 511 U.S. at 834. Prison officials cannot be expected to eliminate the possibility of all dangers. *McGill*, 944 F.2d at 345 ("Prisons are dangerous places.").

The Plaintiff asserts that staph disease was a problem at the Lake County Jail, that he actually contracted staph disease while he was at the jail, and that the Defendants are responsible for the conditions that lead to his becoming infected. (Compl. 13, DE 1.) He further alleges that he did not receive adequate treatment for the infection. Giving the Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that he can prove no Fourteenth Amendment claim against the Defendants.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against the Defendants in their individual and official capacities for damages on his Fourteenth Amendment claim that jail policies and conditions caused him to become infected with staph disease and receive inadequate treatment;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the Defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the marshal's service to effect service of process on the Defendants on the Plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and second amended complaint.

SO ORDERED on April 11, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION